# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

GUDONAVON TAYLOR,

                Petitioner,           :    Case No. 3:16-cv-398

    - vs -                       District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

JIM BUNTING, WARDEN,
  Marion Correctional Institution,

                                   :

                Respondent.

---

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT; ORDER TO CLERK

---

This case is before the Court on Petitioner's pro se Motion for Relief from Judgment (ECF No. 10).

This habeas corpus case was transferred to this District from the Northern District of Ohio on September 15, 2016 (ECF No. 3, 4). On September 16, 2016, the undersigned recommended the case be dismissed with prejudice (Report, ECF No. 5). Petitioner was represented by Attorney Patrick Conboy, who is duly admitted to practice before this Court.[1] The Report notified Mr. Conboy that objections were due to be filed by October 3, 2016 (See PageID 53). No objections were filed by that date and a week later Judge Rose adopted the Report and dismissed the case (ECF No. 6, 7). On October 18, 2016, Mr. Taylor filed a pro se

---

[1] Apparently Mr. Conboy is not admitted in the Northern District where this case was initially filed (See 9/7/2016 Notice from Clerk).

1

Motion for Extension of Time to object which the Magistrate Judge denied, advising Mr. Taylor that if he wished to proceed pro se, he needed to discharge Mr. Conboy (ECF No. 9).

Taylor claims Conboy told him that he was not going to file objections because of "possible future sanctions by this court." (ECF No. 10, PageID 62). As proof, he refers to his own attached affidavit in which he says Conboy told him he would not file objections on that basis. He also attaches a September 23, 2016, letter from Conboy enclosing the Report and stating Conboy's conclusion about the Court's analysis.

Taylor waited more than two months from the Court's notice that he needed to discharge Conboy in order to proceed pro se before actually doing so. At the time Mr. Conboy made the decision not to file objections, he was acting as Taylor's counsel and Taylor is bound by his actions. Conboy's letter of September 23, 2016, does not show abandonment, but acquiescence in the Magistrate Judge's recommendation. The 16-page Report had relied on a thorough discussion of Mr. Taylor's claims by the Second District Court of Appeals and concluded that decision was not contrary to nor an objectively unreasonable application of Supreme Court precedent. Taylor now seeks to reopen the judgment and have this Court consider his lengthy Objections and, if it does not agree on the merits, allow him to proceed to the Court of Appeals and another round of merits consideration.

The Magistrate Judge disagrees because Mr. Taylor has not been diligent in attempting to proceed pro se. Had he discharged Mr. Conboy in October, the Court would have extended his time to object and considered his objections on the merits. But he was represented at the time of the Report by a competent attorney of his choosing and he should be held bound by that

2

attorney's reasonable decision to acquiesce in the Report.

It is accordingly recommended that Petitioner's Motion for Relief from Judgment be denied as well as his motion to extend time to file objections.  The Objections actually filed on January 3, 2017, without leave of Court should be stricken as untimely.

Taylor has now discharged Conboy (PageID 70), and the Clerk is directed to remove Mr. Conboy and indicate Plaintiffs is proceeding pro se.  This Report is to be served on Mr. Taylor personally.


January 4, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).