# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GUDONAVON TAYLOR,

        Petitioner,     :     Case No. 3:16-cv-398

  - vs -                           District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

JIM BUNTING, WARDEN,
  Marion Correctional Institution,

                                      :
        Respondent.

## REPORT AND RECOMMENDATIONS

On March 13, 2017, the Clerk of the United States Court of Appeals for the Sixth Circuit forwarded to this Court a Notice of Appeal in this case received by the Sixth Circuit on March 1, 2017[1], and directed that it be filed as a notice of appeal (See letter of Patricia Elder at ECF No. 17-2, PageID 117).  Mr. Taylor's appeal is taken from Judge Rose's February 7, 2017, Entry and Order denying Taylor's Motion for Relief from Judgment (ECF No. 14).

Also on March 1, 2017, the Clerk filed separately Taylor's Motion to Proceed *in forma pauperis* (ECF No. 16, captioned as being filed in the Court of Appeals).  With respect to the underlying habeas corpus action, Judge Rose has already certified that an appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis* (ECF No. 6).

---

[1] If material, Mr. Taylor may be entitled to a filing date of February 23, 2017, the date he placed the Notice of Appeal in the prison mailbox. See *Houston v. Lack*, 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

1

Mr. Taylor's Motion for Relief from Judgment sought to reopen the judgment so that the Court could consider lengthy pro se objections on the merits (ECF No. 11) which had not been timely filed before judgment because Mr. Taylor's retained attorney decided objections were not warranted.  In the judgment appealed from, the Court denied reopening.

Taylor's Motion to Proceed *in forma pauperis* (ECF No. 16) shows that he is indigent, but does not suggest any non-frivolous issues he intends to raise on appeal.  To the extent the Motion is addressed to this Court, it should be denied and the Court should extend its certificate regarding frivolous issues to the Rule 60(b) Motion.

Mr. Taylor has also asked for an extension of sixty days to file a motion for certificate of appealability (ECF No. 18).  Because the Rule 60(b) Motion was a "true" motion for relief from judgment as opposed to a motion to add new habeas corpus claims, the Magistrate Judge believes Taylor does not require a certificate of appealability.  That Motion should be denied as moot.  If the undersigned is incorrect on this point, Mr. Taylor can renew it before the Court of Appeals.

March 24, 2017.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).